IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD DAVIS,<br><br>   *Plaintiff*,<br><br>  v.<br><br>UNIVERSITY PRIMETIME, LLC and<br><br>JASON I. OLEPHANT,<br><br>   *Defendants*. | **CIVIL ACTION NO.**<br>**17-CV-\_\_\_\_**<br><br>JURY TRIAL<br>DEMANDED |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Harold Davis ("Mr. Davis" or "Plaintiff"), by and through his undersigned counsel, hereby prays to this honorable Court for relief based on the following:

**ADDRESSES**

1. The address of each named party is as follows: HAROLD DAVIS, 632 San Fernando Ave., Berkeley, CA 94707; UNIVERSITY PRIMETIME LLC, 15 Vista Trail, Wayne, NJ 07470; and JASON I. OLEPHANT, 1668 Grand Avenue, Apt. "A", San Diego, CA 92109-4439.

**NATURE OF THE ACTION**

2. Mr. Davis brings this complaint for direct, contributory and vicarious copyright infringement against the defendants under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*., requesting actual or statutory damages stemming from Defendant's for-profit, unauthorized licensing and exploitation of Plaintiff's copyrighted photographic image.

**JURISDICTION AND VENUE**

3. This court has subject matter jurisdiction over the copyright infringement claim, with jurisdiction vested in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

4. This Court has general personal jurisdiction over Defendant, University Primetime, a New Jersey LLC, because it does continuous and systematic business in Wayne, NJ, the location of its principal place of business.

5. The Court has personal jurisdiction over Defendant, Jason I. Olephant, as he resided in Wayne, NJ, and owned and operated University Primetime at that location at all relevant times.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant is subject to personal jurisdiction here with respect to this action and therefore resides here, under 28 U.S.C. § 1391(b)(2) because the acts of infringement complained of herein occurred here, and under 28 U.S.C. § 1400(a) because for venue purposes Defendant resides in and may be found here.

**PARTIES**

7. Mr. Davis is an internationally-known digital artist and award-winning professional photographer. He is the author of many bestselling photography books, including *The Way of the Digital Photographer* (Peachpit Press) and *Achieving Your Potential As a Photographer: A Photographer's Creative Companion and Workbook* (Focal Press). His work is licensed by a variety of publishers and has appeared in collections around the world, annual reports, and numerous magazines and publications. His work combines innovative technology with digital painting and photographic techniques, and he has created bodies of work related to

night photography and surrealist, impossible imagery. An innovator in post-production, he has coined the now-widespread terms "hand-HDR" and "multi-RAW processing". He is the inventor of a widely admired technique for photographing flowers for transparency on a light box, and a pioneer in adopting in-camera multiple exposures to studio photography in the digital era.

8. The uniqueness of Plaintiff's portfolio has resulted in substantial licensing opportunities throughout the years, and Plaintiff relies on income from these licensing opportunities. Mr. Davis relies on income generated from licensing his photographs for his living, to pay for his business expenses, and to cover the costs of researching and funding future photo shoots.

9. Defendant University Primetime LLC is a New Jersey LLC with its principal place of business at its offices in Wayne, NJ.

10. University Primetime LLC publishes the websites Collegeismylife.com and Universityprimetime.com.

## FACTS

### Creation and Licensing of the Protected Work

11. Mr. Davis is the author of a photographic image (the "Protected Work") taken on October 7, 2005 depicting a long, flat stretch of road leading up to a dramatic mountain ridge. *See* image at Exhibit "A."

12. The Protected Work was registered with the United States Copyright Office effective September 18, 2015 under registration number VAu-1233-147. *See* Certificate of Registration at Exhibit "B."

### Infringement by Defendant

13. Defendants published the Protected Work on the Collegeismylife.com website

(the "Accused Work"), as part of an article about road trips, on July 10, 2016. *See* Exhibit "C."

14. The Protected Work was still displayed on the Collegeismylife.com website on March 22, 2017 with continually-updated advertisements or promotional links to other Collegeismylife.com articles.

15. Mr. Davis never granted Defendant any license to copy the Protected Work.

16. On April 10, 2017, Mr. Davis, through his counsel, sent a cease and desist letter to Defendant, but Defendant never responded. *See* Exhibit "D."

17. On May 8, 2017, Mr. Davis, through his counsel, sent a second letter to Defendant in a final effort to resolve the infringement claim without resorting to further involvement, but to date, Defendant did not respond. *See* Exhibit "E."

## COUNT I
**(Copyright Infringement, 17 U.S.C. § 501)**

18. Plaintiff incorporates the allegations contained in paragraphs 1-17.

19. Plaintiff is the author and copyright owner of the Protected Work.

20. Defendants reproduced, displayed, distributed or otherwise copied the Protected Work without Plaintiff's license or authorization.

21. The actions and conduct of Defendants as described above infringed upon the exclusive rights granted to photographers under 17 U.S.C.A. 106 to display, reproduce and distribute their work to the public. Such actions and conduct constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C.A. 501.

22. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured and registered the exclusive rights and privileges in and to the copyright of the above-referenced work pursuant to 17 U.S.C. § 408.

23. Having timely registered his copyright in the Protected Work, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered prior to Defendants' Infringement.

24. Plaintiff alleges, on information and belief, that Defendants operate the businesses by routinely stealing and exploiting photographic images without payment to, and without obtaining licenses from, copyright owners. Such commercial piracy by publishers in an industry in which copyrights are prevalent and well-understood, will support an award of enhanced statutory damages for willful infringement under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringed work.

25. In the alternative, Plaintiff is entitled to elect recovery of its actual damages and Defendant's profits attributable to the infringement of the Protected Work, pursuant to 17 U.S.C. 504(b).

26. Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

27. Prior registration also entitles Plaintiffs to a discretionary award of attorney's fees pursuant to 17 U.S.C. § 412 and § 505.

## COUNT II
**(Vicarious and/or Contributory Copyright Infringement)**

28. Plaintiff incorporates by reference all the allegations of paragraphs 1 through 27.

29. On information and belief, if they were not direct infringers, one or both Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction, display, and distribution of the Protected Work by third parties.

30. On information and belief Defendants, if they were not direct infringers, knew or should have known of the infringing activity.

31. On information and belief, Defendants provided the site and means for such infringing activity to occur, and it encouraged its employees and representatives to discover and post to its website pirated content that it knew was the property of others.

32. Defendants obtained direct and indirect profits they would not otherwise have realized but for the infringement of Plaintiff's rights in the Protected Work.

33. Defendants had the right and ability to supervise infringements that occurred on the Collegeismylife.com website.

34. As a direct and proximate result of said acts of vicarious and contributory infringement, Plaintiff suffered damages in an amount to be proven at trial.

35. Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by Defendant in an amount to be proven at trial or, at his election, statutory damages.

36. If Defendants' copyright infringement is found to be willful, Plaintiff is entitled to enhanced statutory damages in the sum of up to $150,000.

37. Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages, depending upon which is larger.

38. Plaintiff is further entitled to a discretionary award of his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## **RELIEF**

WHEREFORE, Plaintiff requests judgment against the Defendant for:

1. A finding that Defendants infringed Plaintiff's copyright interests in the Protected

Work by copying and publishing it for commercial purposes without any license or consent;

  2.  An award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement, as provided by 17 U.S.C. §504, in an amount to be proven at trial or, in the alternative, at Plaintiffs' election, statutory damages for willful infringement pursuant to 17 U.S.C. §504(c)(1) or (2), whichever is larger;

  3.  An order, pursuant to 17 U.S.C. 502(a), enjoining the Defendants from any infringing use of any of Plaintiff's works;

  4.  An order, pursuant to 17 U.S.C. §§ 502 and 503, impounding or enjoining Defendants to turn over to Plaintiff all copies of the Protected Work claimed to have been made or used in violation of the exclusive right of the copyright owner; all plates, tapes, film negatives, or other articles by means of which such copies may be reproduced; and records documenting the manufacture, sale, or receipt of things involved in any such violation;

  5.  An award of Plaintiffs' attorney's fees and costs pursuant to 17 U.S.C. §505;

  6.  Pretrial interest as permitted by law; and

  7.  Such other relief as the Court deems just and proper.

Plaintiff demands trial by jury on all issues so triable.

        Respectfully submitted,

        **SPECTOR GADON & ROSEN, P.C.**

       By: */s/ Johan Ashrafzadeh-Kian*
        Johan Ashrafzadeh-Kian, Esquire
        Attorney No. 015332012
        1635 Market Street, 7th Floor
        Philadelphia, PA 19103
        (215) 241-8916
        jkian@lawsgr.com
September 20, 2017    *Attorney for Plaintiff*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

  I hereby certify that the matter in controversy is not the subject of any other action pending in any other Court and is not the subject of any pending arbitration or administrative proceeding. I declare under penalty of perjury that the foregoing is true and correct.

              By: */s/ Johan Ashrafzadeh-Kian*
              Johan Ashrafzadeh-Kian, Esquire
              Attorney No. 015332012
              1635 Market Street, 7th Floor
              Philadelphia, PA 19103
              (215) 241-8916
              *jkian@lawsgr.com*
              *Attorney for Plaintiff*

September 20, 2017